# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**WILLIAM GONZALEZ-VEGA,** on behalf of himself
and all others similarly situated,

    **Plaintiff,**

v.                                        **Case No.:**

**BRIGHTVIEW LANDSCAPES LLC,**

    **Defendant.**

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, WILLIAM GONZALEZ-VEGA ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, BRIGHTVIEW LANDSCAPES LLC ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

    1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for unpaid wages, and for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"). This Complaint, regarding claims for relief under the FLSA, is filed as a collective action under 29 U.S.C. § 216(b).

    2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Charlotte County, Florida, which lies within the Middle District.

**PARTIES**

4. Plaintiff is a resident of Sarasota County, Florida.

5. Defendant BrightView Landscapes, LLC operates a landscaping company in Port Charlotte, in Charlotte County, Florida.

**GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiff William Gonzalez-Vega was employed by Defendant as a landscaper.

10. The putative class of similarly situated employees consists of all other landscapers employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant BrightView Landscapes, LLC within the meaning of the FLSA.

13. At all times material hereto, Defendant BrightView Landscapes LLC was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant BrightView Landscapes, LLC continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant BrightView Landscapes, LLC was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant BrightView Landscapes, LLC engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant BrightView Landscapes, LLC exceeded $500,000 per year.

18. Specifically, Plaintiff and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they were employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19. Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

20. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

21. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

22. At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

23. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

24. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

## FACTS

25. Named Plaintiff, WILLIAM GONZALEZ-VEGA, began working for Defendant as a landscaper in 2009, and he worked in this capacity until December 2016.

26. At all times material hereto, Plaintiff and Members of the Class worked hours at the direction of Defendant, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

27. Specifically, Defendant required Plaintiff and Members of the Class to arrive at work at least a half hour prior to clocking in to prepare equipment for the day and to perform other duties to get ready for the day's work. Plaintiff and Members of the Class were not paid the preparation work.

28. By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with

respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

29. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

30. On or around September 17, 2016, Plaintiff suffered from a serious injury within the meaning of the FMLA. Specifically, Plaintiff injured his back and required time off from work to care for himself.

31. On or about October 14, 2016, Plaintiff submitted proper medical documentation to Defendant in support of his FMLA leave request to care for himself.

32. On or about December 5, 2016, Plaintiff's employment was terminated for excessive absences from work that should have been protected by the FMLA.

33. Plaintiff exercised his rights under the FMLA by submitting the proper medical documentation to Defendant in support of his FMLA claim.

34. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

## COLLECTIVE ACTION ALLEGATIONS
## AS TO PLAINTIFF'S FLSA CLAIM FOR UNPAID WAGES

35. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of landscapers whom Defendant failed to compensate for all wages earned in accordance with the FLSA.

36. Therefore, notice is properly sent to: "All landscapers whom Defendant failed to compensate for all wages earned from the beginning of the applicable FLSA statute of limitations period to the present."

37. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

38. Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their wages as mandated by the FLSA.

39. Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

40. Defendant's failure to pay all wages due at the premium rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

41. Defendant's failure to pay all wages due is common to the Class.

42. Defendant's practice of making unlawful deductions from wages in violation of the FLSA is common to the Class.

43. Overall, Plaintiff's experience as a landscaper who worked for Defendant is typical of the experience of the Class.

44. Specific job titles or job duties of the Class do not prevent collective treatment.

45. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – CLAIM FOR CLASS ACTION RELIEF FOR UNPAID WAGES UNDER THE FAIR LABOR STANDARDS ACT

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 and 25 through 29 of this Complaint, as though fully set forth herein.

47. During the statutory period, Plaintiff and the Class worked for Defendant, and Defendant agreed to pay Plaintiff and the Class for their services.

48. Defendant consistently made unlawful deductions from the wages of Plaintiff and the Class by not compensating Plaintiff and members of the class for all wages earned.

49. By refusing to allow Plaintiff and the Class to clock in when they commenced work, and to require that they perform preparatory work off the clock, Defendant violated the FLSA.

50. The Members of the Class are similarly situated because they were all employed as landscapers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice requiring the employees to work off the clock.

51. Defendant's unlawful practices violate the provisions of the FLSA. As a result, Plaintiff and the Members of the Class who have opted into this action are entitled to an amount equal to their unpaid wages, as measured by the unlawful deductions made by Defendant to their wages, as liquidated damages.

52. All of conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

53. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

 (a) Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

 (b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

 (c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

 (d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

 (e) Judgment against Defendant for an amount equal to the unpaid wages of Plaintiffs and all opt-in Members of the Class, as measured by Defendant's unlawful deductions;

(f) Judgment against Defendant for an amount equal to the unpaid wages of Plaintiff and all opt-in Members of the Class, as measured by Defendant's unlawful deductions, as liquidated damages;

(g) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(h) Judgment against Defendant stating that its violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA INTERFERENCE**

1. Plaintiff realleges and readopts the allegations of paragraphs 1 through 9, 21 through 24 and 30 through 34 of this Complaint, as fully set forth herein.

2. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

3. By terminating Plaintiff's employment for absences that should have been protected under the FMLA, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

4. Defendant's actions were willful and done with malice.

5. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;
- b) An injunction restraining continued violation of the FMLA by Defendant;
- c) Compensation for lost wages, benefits, and other remuneration;
- d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;
- e) Front pay;
- f) Liquidated Damages;
- g) Prejudgment interest on all monetary recovery obtained;
- h) All costs and attorney's fees incurred in prosecuting these claims; and
- i) For such further relief as this Court deems just and equitable.

## COUNT III – FMLA RETALIATION

6. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 9, 21 through 24 and 30 through 34 of this Complaint, as fully set forth herein.

7. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

8. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

9. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

10. Defendant's actions were willful and done with malice.

11. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    (a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

    (b) An injunction restraining continued violation of the FMLA by Defendant ;

    (c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22 day of February, 2017.

Respectfully submitted,

*[signature]*

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**